UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM LEE GREATHOUSE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00012-SRC |
| | ) | |
| BENJAMIN M. BARTLETT, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

### Memorandum and Order

This matter is before the Court on the motion of plaintiff Adam Lee Greathouse, an inmate at the Adair County Jail, for leave to commence this civil action without prepaying fees or costs.  Having reviewed the motion and the financial information submitted in support, the Court grants the motion and assesses an initial partial filing fee of $9.64.  Additionally, for the reasons discussed below, the Court grants Greathouse the opportunity to file an amended complaint and denies without prejudice his motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect, an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion, Greathouse submitted an inmate-account statement showing an average monthly deposit of $48.20 and an average monthly balance of $31.32. The Court therefore assesses an initial partial filing fee of $9.64, twenty percent of Greathouse's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well pleaded facts but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Greathouse filed his complaint pursuant to 42 U.S.C. § 1983 against Benjamin Bartlett, Matthew Kellison, Scott Williamson, Dale Broadwell, Lori Wuebker, and Linda Decker. Greathouse identifies Bartlett, Kellison, Williamson, Broadwell, and Wuebker as police officers employed by the Kirksville Police Department, and Decker as the Adair County Circuit Clerk. Greathouse does not specify the capacity in which he sues any defendant. The Court therefore interprets the complaint as including only official-capacity claims. *See, e.g.*, *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." (citation omitted)).

3

Greathouse sets forth his statement of claim in a long and rambling narrative that describes various events. His handwriting is at times difficult to read. However, it is clear that the events giving rise to Greathouse's claims began after he was arrested on May 5, 2021. Greathouse alleges he ran away from officers but was quickly apprehended by Bartlett. Doc. 1 at pp. 6–8. Greathouse then describes what he claims amounted to police brutality, excessive force, and assault perpetrated by Bartlett. Greathouse also alleges various violations of police policy and procedure by Bartlett and the other law-enforcement defendants.

Next, Greathouse appears to assert claims related to his confinement at the Adair County Detention Center, as well as claims related to a state-court criminal case. Briefly, Greathouse alleges he is being held "without any legal rights" and is being treated "unjustly." *Id.* at p. 9. He complains that his attorney failed to file certain documents and did not visit him. He claims the "jail doctor" did not order x-rays and officials made him pay for medical examinations out of his own pocket. *Id.* at p. 10. He claims Decker ignored his requests for certain materials and violated his rights by not doing her job correctly. Greathouse includes other averments as well. As relief, he seeks damages in "a 7 digit amount." *Id.* at p. 13.

## Discussion

As noted above, the Court construes Greathouse's complaint as including only official capacity claims. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs that official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In this case, Greathouse's allegations establish that Bartlett, Kellison, Williamson, Broadwell, and Wuebker are employed by the Kirksville Police Department, which is not an entity that can be sued under § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Greathouse's allegations establish that Decker is the Adair County

4

Circuit Clerk and therefore a state officer.  The Eleventh Amendment prohibits suits for damages against state officers acting in their official capacities, *Nix v. Norman*, 879 F.2d 429, 432–33 (8th Cir. 1984), and "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will*, 491 U.S. at 71.  Greathouse's complaint is therefore subject to dismissal.

        Moreover, Greathouse's complaint violates the Federal Rules of Civil Procedure because it does not contain a short and plain statement of Greathouse's claim.  Fed. R. Civ. P. 8(a). Neither are Greathouse's averments simple, concise, and direct, as required by Rule 8(d)(1). Greathouse also fails to set forth his claims in numbered paragraphs, as required by Rule 10(b). Finally, it appears that plaintiff attempts to advance multiple unrelated claims against more than one defendant, which violates Rule 20(a)(2).  Greathouse cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  However, multiple claims against a single defendant are valid.

    The Court grants Greathouse leave to file an amended complaint.  The Court advises Greathouse that the amended complaint will replace the original.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").  Greathouse must type or very neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

    In the "Caption" section of the complaint form, Greathouse should write the name of the person or persons he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must

name all the parties"). Greathouse must avoid naming anyone as a defendant unless that person is directly related to his claim. Greathouse must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, Greathouse should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Greathouse should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If Greathouse names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). It is important that Greathouse allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Greathouse must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Greathouse must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain

6

parts of his complaint.  Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief.  *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

Greathouse has also filed a motion to appoint counsel.  A pro se litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)).  When determining whether to appoint counsel for an indigent litigant, the court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments.  *Id.* (citing *Phillips*, 437 F.3d at 794).

At present, the Court is not convinced that Greathouse has stated a non-frivolous claim.  Additionally, there is no indication that Greathouse is incapable of representing himself, or that the factual or legal issues are sufficiently complex to justify the appointment of counsel.  However, recognizing that circumstances may change, the Court denies the motion for appointment of counsel without prejudice.

## Conclusion

Accordingly, the Court grants Greathouse's [3] motion for leave to commence this action without prepaying fees or costs and orders that, no later than July 11, 2022, Greathouse must pay an initial partial filing fee of $9.64.  Greathouse must make his remittance payable to "Clerk,

7

United States District Court," and include on it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.  The Court denies without prejudice Greathouse's [6] motion to appoint counsel.

The Court directs the Clerk to mail Greathouse a copy of the Court's prisoner-civil-rights-complaint form.  No later than July 29, 2022, Greathouse must file an amended complaint in accord with the Court's instructions.  If Greathouse fails to timely comply with this order, the Court will dismiss this case without prejudice and without further notice.

So Ordered this 29th day of June 2022.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE